**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Aide Vargas-Murillo,<br><br>Petitioner,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>Respondents. | No. CV-25-03396-PHX-MTL (CDB)<br><br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 and Complaint for Injunctive and Declaratory Relief and a Motion for Temporary Restraining Order and Preliminary Injunction challenging her immigration detention.[1] (Docs. 1-2.) The Court ordered expedited briefing on the motion for injunctive relief. The motion for injunctive relief is fully briefed and the Court notifies the parties it intends to consolidate the request for preliminary injunction with the merits in this action under Rule 65(a)(2) of the Federal Rules of Civil Procedure. The Court held oral argument on the motion on November 20, 2025. The Court will grant the Petition and order Respondents to either release Petitioner from custody or provide a bond hearing within seven days.

**I.    Background**

Petitioner is a citizen of Mexico who entered the United States in January 2004. (Doc. 1 at 6.) She was detained by Immigrations and Customs Enforcement in July 2025. (Doc. 7, Ex. A, Decl. of Melissa Ramirez ¶ 5.) On July 23, 2025, Petitioner's request for

---

[1] Petitioner paid the filing fee for a habeas corpus action.

1 custody redetermination was denied.  The Immigration Judge denied the request on the
2 basis that she lacked jurisdiction to grant Petitioner bond because the Department of
3 Homeland Security (DHS) classified her as being detained under § 1225(b)(2)(A) and
4 therefore subject to mandatory detention.  (*Id.* ¶ 12; Doc. 1-2 at 4-5.)  The Immigration
5 Judge's ruling follows a recent Board of Immigration Appeals decision in *Matter of Yajure*
6 *Hurtado*, 29 I&N 216 (B.I.A. 2025).  Under *Matter of Yajure Hurtado*, noncitizens present
7 without admission are now subject to mandatory detention under 8 U.S.C. § 1225(b), rather
8 than discretionary detention under 8 U.S.C. § 1226(a), because, under 8 U.S.C. §
9 1225(a)(1), they are now deemed "applicant[s] for admission."

10 Petitioner filed her Petition challenging her detention as violative of her due process
11 rights, the Administrative Procedures Act, the Suspension Clause, and as constituting a
12 state-created danger.  (Doc. 1 at 22-24.)  Petitioner requests release from custody or an
13 order directing Respondents to provide her a bond hearing.

**II.   Analysis**

**A.   Jurisdictional Arguments**

16 In their response to the motion for injunctive relief, and again at oral argument,
17 Respondents maintain the Court lacks jurisdiction over Petitioner's claims.  (Doc. 7 at 6
18 ("8 U.S.C. §§ 1252(g) and (b)(9) preclude review of Petitioner's claims.").)  First,
19 § 1252(g)[2] "does not preclude jurisdiction over the challenges to the legality of [an alien's]
20 detention."  *Kong v. United States*, 62 F.4th 608, 609 (1st Cir. 2023).  *See also Hasan v.*
21 *Crawford*, 2025 WL 2682255, *4 (E.D. Va. 2025) ("Because Hasan's custody proceedings
22 are independent of, and collateral to, the removal process, § 1252(g) does not serve as a
23 jurisdictional bar.  Accordingly, the Court finds that it possesses jurisdiction to entertain
24 Hasan's Petition to the extent he challenges the constitutionality of his detention.").
25 Indeed, the Supreme Court has rejected Respondents' expansive reading of § 1252(g) as
26 covering "'all claims arising from deportation proceedings'" or imposing "'a general

---

[2]   "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  8 U.S.C. § 1252(g).

jurisdictional limitation.'" *Dept. of Homeland Sec. v. Regents of the U. of Cal.*, 591 U.S. 1, 14 (2020) (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). The Ninth Circuit recently reiterated this proposition, explaining a court has "jurisdiction to decide a 'purely legal question' that 'does not challenge the Attorney' General's discretionary authority . . . even if the answer to that legal question . . . forms the backdrop against which the Attorney General later will exercise discretionary authority." *Ibarra-Perez v. United States*, No. 24-631, ___ F.4th ___, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)). Petitioner is not challenging the commencement or adjudication of removal proceedings but, rather, her detention without a bond hearing pending the resolution of those proceedings. Thus, § 1252(g) does not apply. *Id.* at *6-7.

Nor do §§ 1252(b)(9)[3] or 1252(a)(5) apply to Petitioner's claims. As discussed at oral argument, the Supreme Court noted it would make little sense to challenge unlawful pre-removal-order detention after issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 291-293 (2018). ("By the time a final order of removal was eventually entered, the allegedly excessive detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review.")

Finally, 8 U.S.C. § 1252(a)(5)[4] also does not apply. *See Singh v. Gonzales*, 499 F.3d 969, 977-78 (9th Cir. 2007) (citing *Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006, and holding that "the REAL ID Act's jurisdiction-stripping provisions . . . does [sic] not apply [if the] claim is not a direct challenge to an order of removal"). Because there is

---

[3] "Judicial review of all questions of law and fact … arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9).

[4] "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e)." 8 U.S.C. § 1252(a)(5).

- 3 -

no final order of removal issued as to Petitioner, and Petitioner does not challenge any order of removal, § 1252(a)(5) does not strip this Court of jurisdiction over her challenge to the lawfulness of her detention. Respondents' jurisdictional arguments are rejected.

### B. Section 1225(b)(2)(A)

As to the merits, Respondents argue Petitioner is subject to mandatory detention under "the plain text" of 8 U.S.C. § 1225(b)(2)(A) asserting that she is an "applicant for admission" because she is "alien present in the United States who has not been admitted or who arrives in the United States." (Doc. 7 at 12.)

The Court acknowledges viewing the language in § 1225(b)(2)(A) in isolation is supportive of Respondents' argument, but "[i]n determining whether Congress has specifically addressed the question at issue, the court should not confine itself to examining a particular statutory provision in isolation. Rather, it must place the provision in context, interpreting the statute to create a symmetrical and coherent regulatory scheme." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 121 (2000). *See also Roberts v. Sea-Land Services, Inc.*, 566 U.S. 93, 101-02 (2012) ("Statutory language . . . cannot be construed in a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.") (cleaned up). And when the Court views § 1225(b)(2)(A) in the context of the broader statutory scheme and in light of the statement by the Supreme Court in *Jennings* that characterized § 1226(a) as the "default rule" governing "the process of arresting and detaining" aliens who are already "inside the United States," the Court reaches the conclusion that Petitioner is subject to detention under § 1226.[5] *Id.* at 288.

Dozens of other district courts have reached the same conclusion that immigration petitioners present in the United States without admission are not applicants for admission

---

[5] 8 U.S.C. § 1226(a) provides "On a warrant issued by the Attorney General, an alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General— (1) *may* continue to detain the arrested alien; and (2) *may* release the alien . . . ." *Id.* (emphasis added.) At oral argument, counsel for Respondents conceded that if the Court determined Petitioner was subject to detention under § 1226 she would be entitled to a bond hearing. That concession obviates the need to analyze whether § 1226(a) itself requires a bond hearing.

under § 1225(b)(2)(A) and, therefore, are not subject to mandatory detention. *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along with a growing number of others have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up). Another Judge in this district recently reached the same conclusion and this Court agrees with its conclusion. *Francisco Echevarria v. Pam Bondi, et al.,* CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. October 3, 2025).[6] For all these reasons, the Petition is granted, and Petitioner must receive a bond hearing without application of *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025).[7]

**IT IS THEREFORE ORDERED:**

1. Under Federal Rule of Civil Procedure 65(a), the decision on Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is consolidated with the merits.

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to her First Claim for Relief. The Petition is otherwise denied without prejudice as moot.

. . . .

---

[6] The Court is aware that several district courts have adopted Respondents' position. *Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. Oct. 30, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025; *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657, at *1 (E.D. Va. Aug. 5, 2025); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913, at *2 (D. Mass. July 28, 2025). But despite the lack of complete uniformity among the judges who have considered this issue, Respondents' view remains the minority position.

[7] Because the Court grants relief under Petitioner's First Claim for Relief, it will deny the remainder of the Petition as moot.

3. Respondents must provide Petitioner a bond redetermination hearing within **ten days** or otherwise release her from custody under the same conditions that existed before her detention.

4. Respondents must provide a Notice of Compliance within **three days** of releasing Petitioner or providing her a bond hearing.

5. Petitioner's Motion to Supplement (Doc. 14) is **granted**.

6. The Clerk shall enter judgment in Petitioner's favor and close this case.

Dated this 25th day of November, 2025.

Michael T. Liburdi
United States District Judge