**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Aide Vargas-Murillo,<br><br>　　　　Petitioner,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>　　　　Respondents. | No. CV-25-03396-PHX-MTL (CDB)<br><br>**ORDER** |

　　　　Before the Court is Petitioner Maria Vargas-Murillo's Motion to Enforce Petition for Habeas Corpus (Doc. 20). The Motion asks this Court to overturn an immigration judge's discretionary bond determination—something this Court lacks jurisdiction to do. The Motion will therefore be summarily denied. A response brief is unnecessary to the determination of the issues.

**I.**

　　　　Petitioner filed this action in September 2025 challenging her detention by Immigration and Customs Enforcement. (Doc. 1.) This Court granted in part her Petition for Writ of Habeas Corpus, requiring Respondents to provide her with a bond redetermination hearing. (Doc. 15 at 6.) The action was subsequently dismissed. (Doc. 16.)

　　　　Petitioner has since filed the present Motion. (Doc. 20.) In her Motion, she acknowledges that Respondents held a bond hearing on December 4, 2025. (*Id.* at 2.) The Immigration Judge denied bond after determining that the cancellation of her removal application made her a flight risk. (*Id.*) Petitioner now challenges that determination

1 | through the present Motion.

**II.**

Petitioner moves under the Court's "inherent power to enforce judgments" and Federal Rule of Civil Procedure 70, requesting a court order "declaring that the new Immigration Judge's bond decision is invalid, and that Petitioner be ordered released from detention and returned to the detention status he was in, prior to Respondents' unlawful actions." (*Id.* at 3.)

Petitioner first spills much ink attempting to persuade the Court that it has authority to grant the requested relief. The Court is not persuaded. This Court lacks jurisdiction to review the discretionary decision of the Immigration Judge merely because Petitioner disagrees with the outcome. *See, e.g.*, *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("The alien may appeal the IJ's bond decision to the BIA, but discretionary decisions granting or denying bond are not subject to judicial review." (citation omitted)); *see also Carlos v. Noem*, No. 2:25-cv-01900-RFB-EJY, 2025 WL 2896156, at *5 (D. Nev. Oct. 10, 2025) ("[F]ederal courts have no jurisdiction to review the IJ's discretionary weighing of the evidence and factual determination that a noncitizen is entitled, or not entitled, to release on bond."); *Carillo-Lozano v. Stolc*, 669 F. Supp. 2d 1074, 1079 (D. Ariz. 2009) ("The INA precludes this Court from reviewing the Immigration Court's discretionary decision to deny a petitioner's bond.").

This Court is not a council of revision for every discretionary decision made by immigration judges. The proper remedy is an administrative appeal to the BIA—not review by this Court. *See* 8 C.F.R. § 236.1(d)(3); *Aduord v. Lynch*, No. CV-15-01237-PHX-NVW-BSB, 2015 WL 7306678, at *3 (D. Ariz. Oct. 26, 2015).

Petitioner also raises a due process challenge, arguing that she was not provided a neutral decisionmaker because immigration judges cannot be "neutral in this current Administration." (Doc. 20 at 10.) The Court rejects that argument. Petitioner provides no factual allegations suggesting that the immigration judge in her case lacked neutrality. Instead, she offers only generalized complaints about the immigration adjudication system.

To the extent Petitioner argues that no immigration judge can serve as a neutral decisionmaker, that argument is unpersuasive. *See, e.g.*, *A.A.M. v. Andrews*, No. 1:25-CV-01514-DC-DMC (HC), 2025 WL 3485219, at *9 (E.D. Cal. Dec. 4, 2025) (referring to immigration judges as "neutral adjudicator[s]"); *Palomar v. Sessions*, No. 1:17-CV-00638-EPG-HC, 2018 WL 903555, at *4 (E.D. Cal. Feb. 15, 2018) (rejecting a due process challenge for lack of a neutral decisionmaker in referencing the immigration judge for similar reasons); *Singh v. Holder*, No. C 09-03012 JSW, 2010 WL 702246, at *3 (N.D. Cal. Feb. 25, 2010) ("Procedural due process requires such aliens be afforded an individualized bond determination before a neutral decision maker, *such as an immigration judge*." (emphasis added)).

The judicial system is flooded with cases of this kind, and it would be a needless waste of government resources to require the government to respond to the present Motion. Because Petitioner received the bond hearing this Court ordered and now seeks review of the Immigration Judge's discretionary determination, the Motion must be summarily denied.

**IT IS THEREFORE ORDERED denying** Petitioner's Motion to Enforce Petition for Habeas Corpus (Doc. 20). This case remains closed.

Dated this 12th day of March, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge